FILED
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 17 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MARIO CHARVAC, ESTUARDO
CHARVAC, JOSE V. PATZAN, and JOSE
GEOVANI PATZAN,

                Plaintiffs,

-against-

M&T PROJECT MANAGERS OF NEW
YORK, INC.,

                Defendant.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-5637 (CBA) (RER)

**AMON, Chief United States District Judge:**

      Plaintiffs claim that their former employer, defendant M&T Project Managers of New York ("M&T"), consistently failed to pay them overtime wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650 et. seq. ("NYLL"). M&T has failed to appear in these proceedings, and the Clerk of Court noted its default on July 1, 2014. (DE #30.) Plaintiffs moved for a default judgment on September 8, 2014. (DE #33.) This Court referred the motion to Magistrate Judge Reyes, (DE Dated Sept. 9, 2014), who issued a Report and Recommendation ("R&R") finding that a default judgment should be entered against M&T. (DE #35.)

      When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that

1

has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, no party has raised an objection to the R&R. Accordingly, the Court reviews it for clear error and, finding none, adopts it as the opinion of the Court, subject to the following clarifications concerning the amounts M&T owes to the plaintiffs.

With respect to unpaid overtime wages, the Court accepts the magistrate judge's general calculation methodology. The Court awards slightly different amounts from those recommended because it credits all plaintiffs for their first and last days of employment with M&T, and because it discounts partial weeks in which plaintiffs would not have exceeded 40 hours of labor based on a pro-rated, daily average of hours worked. Accordingly, plaintiff Mario Charvac ("M. Charvac") is entitled to $23,481.82; plaintiff Estuardo Charvac ("E. Charvac") is entitled to $600; plaintiff Jose V. Patzan ("J.V. Patzan") is entitled to $12,845.45; and plaintiff Jose Geovani Patzan ("J.G. Patzan") is entitled to $16,118.18. In total, M&T owes plaintiffs $53,045.45 in unpaid overtime wages.

The Court also accepts the magistrate judge's recommendations concerning the method for calculating liquidated damages, including his finding that plaintiffs' FLSA claims support liquidated damages in amounts equal to unpaid overtime wages, and that older claims falling under the NYLL entitle plaintiffs to liquidated damages worth one quarter of unpaid overtime wages. Accordingly, the Court awards liquidated damages as follows: M. Charvac is entitled to $13,909.09; E. Charvac is entitled to $600; J.V. Patzan is entitled to $8,672.73; and J.G. Patzan is entitled to $12,252.28. In total, M&T owes plaintiffs $35,434.10 in liquidated damages.[1]

---

[1] These values differ slightly from the numbers in the R&R. For two plaintiffs, that is at least in part because the Court has awarded slightly different underlying amounts for unpaid overtime wages. Additionally, as a general matter, the Court treats plaintiffs' claims for overtime as accruing at the end of each workweek; as a result, weeks that end, but do not begin, within the statute of limitations for the plaintiffs' FLSA claims still generate overtime warranting liquidated damages under the FLSA.

2

The Court accepts the magistrate judge's approach concerning the calculation of pre-judgment interest. Accordingly, it awards pre-judgment interest as follows: M. Charvac is entitled to $8,296.02; E. Charvac is entitled to no pre-judgment interest; J.V. Patzan is entitled to $3,196.43; and J.G. Patzan is entitled to $2,934.66. As the magistrate judge noted, plaintiffs are also entitled to post-judgment interest on the full amount of their recovery, to be calculated as prescribed by 28 U.S.C. § 1961.

Finally, the Court accepts the magistrate judge's rates for awarding attorneys' fees as well as his finding of the proper amount in costs. Accordingly, the Court awards plaintiffs $6,246 in attorneys' fees and an additional $485.17 in costs, for a total of $6,731.17.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, with minor adjustments to the calculations for the amount of the judgment. The Clerk of Court is directed to enter judgment in favor of the plaintiffs: $45,686.93 for M. Charvac, $1,200 for E. Charvac, $24,714.61 for J.V. Patzan, and $31,305.12 for J.G. Patzan, plus $6,731.17 in attorneys' fees and costs, and post-judgment interest as prescribed by 28 U.S.C. § 1961. The Clerk is further directed to terminate all motions and close the case.

SO ORDERED.

Dated: September 17, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge